IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID FISHER, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Case No.   1:17-cv-00382 |
| | § | |
| PRIMERICA LIFE INSURANCE | § | |
| COMPANY AND ANTHONY | § | |
| WOODRUFF, | § | |
| | § | |
| Defendants. | § | |

## EXHIBIT "A"
## DEFENDANT'S INDEX OF STATE COURT MATTERS

Defendant Primerica Life Insurance Company, in connection with the removal of

this case to the United States District Court for the Eastern District of Texas, Beaumont

Division, files its index of state court matters, pursuant to Local Rule 81, as follows:

| | **State Court Document** | **Date** |
|---|---|---|
| 1. | Civil Docket Sheet | N/A |
| 2. | Plaintiff's Original Petition | 08-07-2017 |
| 3. | Civil Case Information Sheet | 08-07-2017 |
| 4. | Receipt for Fees | 08-08-2017 |
| 5. | Citation Issued to Primerica Life Insurance Company | 08-09-2017 |
| 6. | Citation Issued to Anthony Woodruff | 08-09-2017 |

Respectfully submitted,


By: _/s/ Bill E. Davidoff_____
      Bill E. Davidoff
      Texas Bar No. 00790565
      bill.davidoff@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone:  214.939.2000
Facsimile:  214.939.2090

ATTORNEYS    FOR    DEFENDANT
PRIMERICA LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties who have appeared and registered with CM/ECF.


     _/s/ Bill E. Davidoff_____
     Bill E. Davidoff

# EXHIBIT "1"

# CIVIL DOCKET, DISTRICT COURT

CASE NO. E-0200489-

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING |
|---|---|---|---|---|
| | FISHER, DAVID<br>VS<br>PRIMERICA LIFE INSURANCE COMPANY | DICK, ERIC B PLFT<br>NO ATTORNEY AT THIS TIME DEFT | CONSUMER/COMMERCIAL<br><br>DISPOSITION DATE | 8/07/2017<br><br>JURY FEE · DATE |

| DATE OF ORDERS | ORDERS OF THE COURT | PROCESS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Certified Document Number: 1845460 Total Pages: 1

**In accordance with Texas Government Code 51.301 electronically transmitted authenticated  documents are valid. If there is a question regarding the validity of this document and or seal  please e-mail districtclerk@co.jefferson.tx.us**

# EXHIBIT "2"

**FILED**
**DISTRICT CLERK OF**
**JEFFERSON CO TEXAS**
**8/7/2017 4:56 PM**
**JAMIE SMITH**
**DISTRICT CLERK**
**E-200489**

NO. _____

| | | |
|---|---|---|
| **DAVID FISHER,** | § | **IN THE CIVIL DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **PRIMERICA LIFE INSURNACE** | § | |
| **COMPANY,** *et al* | § | |
| *Defendants* | § | **JEFFERSON, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DAVID FISHER (herein "Plaintiff"), who files this, its Original Petition and Requests for Disclosure, against PRIMERICA LIFE INSURNACE COMPANY (herein "DEFENDANT INSURANCE COMPANY") and ANTHONY WOODRUFF (herein "DEFENDANT WOODRUFF") (all defendants collectively referred to as "Defendant" or "Defendants") for cause of action would respectfully show the court as follows:

### I.

### Discovery Control Plan

1. Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.

### Parties

2. Plaintiff is an individual who resides in Texas.

3. DEFENDANT INSURANCE COMPANY is a Texas "Foreign" company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by in person or certified mail, return receipt requested, by serving: (1) the president, an active vice president, secretary,

or attorney in fact at the home office or principal place of business of the company; or (2) leaving a copy of the process at the home office or principal business office of the company during regular business hours.  Defendant's attorney for service: CT CORPORATION SYSTEM, 1999 BRYAN ST, SUITE 900, DALLAS, TX 75201-3136.

4. DEFENDANT WOODRUFF is an individual who may be served with process in person or by certified mail to her residence at 28095 ROBINSON ROAD, CONROE, TX 77385-7525.

### III.

### Jurisdiction

5. The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.  Specifically, Plaintiff seeks monetary relief of $200,000 but not to exceed $1,000,000.

6. The Court has jurisdiction over Defendants because DEFENDANT INSURANCE COMPANY engages in the business of insurance in the State of Texas and the cause of action arises out of DEFENDANT INSURANCE COMPANY'S business activities in the State of Texas.

### IV.

### Venue

7. Venue is proper in JEFFERSON, Texas because the insurance contract was signed in JEFFERSON, Texas.

### V.

### Facts

8. For many years, Michael Fisher was insured with DEFENDANT INSURANCE COMPANY for life insurance.

9.  At no times has Michael Fisher ever wanted to cancel this insurance policy but, as a result of a bitter divorce, was the victim of identity theft and an ex-spouse's lover impersonating him.

10. On September 19, 2013 Anthony Woodruff called DEFENDANT INSURANCE COMPANY impersonating Michael Fisher, the deceased, and requested to cancel the underlying insurance policy.

11. Unbeknownst to Michael Fisher, Anthony Woodruff then reinstated the insurance policy where the was no lapse period.

12. Anthony Woodruff then continued to forge Michael Fisher's name and information on the application for insurance for the reinstatement.

13. Michael Fisher ultimately died on December 17, 2014.

14. David Fisher, Michael Fisher's brother, is beneficiary of Texas Life Insurance Policy number 04-31115819 issued by DEFENDANT INSURANCE COMPANY (hereinafter referred to as "the policy.")

15. David Fisher (herein "Plaintiff") submitted its claim to DEFENDANT INSURANCE COMPANY with date of death of December 17, 2014 for MICHAEL FISHER, the deceased insured.

16. DEFENDANT INSURANCE COMPANY assigned claim number 2014357063 to Plaintiff's claim.

17. DEFENDANT INSURANCE COMPANY improperly denied the claim with obvious knowledge and evidence of the death of the insured for a covered peril.

18. More specifically, DEFENDANT INSURANCE COMPANY attempts to use the two year contestability clause but cannot and will never be able to show that the deceased insured intended to deceive them.

19. DEFENDANT INSURANCE COMPANY failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy and has knowingly and intentionally breached its contract.

20. DEFENDANT INSURANCE COMPANY failed and refused to pay the full proceeds of the policy although due demand was made for proceeds to be paid of the face amount of the policy and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff. Such conduct constitutes breach of the insurance contract between DEFENDANT INSURANCE COMPANY and Plaintiff.

21. DEFENDANT INSURANCE COMPANY misrepresented to Plaintiff that the insured person was not covered by such peril even though the death was a covered occurrence.  DEFENDANT INSURANCE COMPANY knew and ignored the obvious signs that MICHAEL FISHER didn't call to cancel his policy and that his application was forged.

22. DEFENDANT WOODRUFF misrepresented to Plaintiff that the insured person was covered by such peril although DEFENDANT INSURANCE COMPANY denied such coverage. Defendants conduct constitutes violations of the Texas Insurance Code.

23. DEFENDANT INSURANCE COMPANY failed to make an attempt to settle Plaintiff's claim in a fair manner although they were aware of their liability to Plaintiff under the policy.  DEFENDANT INSURANCE COMPANY's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(2).

24. DEFENDANT INSURANCE COMPANY failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, DEFENDANT INSURANCE COMPANY failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made.

Furthermore, DEFENDANT INSURANCE COMPANY did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. DEFENDANT INSURANCE COMPANY's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(3).

25. DEFENDANT INSURANCE COMPANY failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from DEFENDANT INSURANCE COMPANY. DEFENDANT INSURANCE COMPANY's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541 060(4).

26. DEFENDANT INSURANCE COMPANY refused to fully compensate Plaintiff, under the terms of the policy, even though DEFENDANT INSURANCE COMPANY failed to conduct a reasonable investigation. Specifically, DEFENDANT INSURANCE COMPANY performed an outcome-oriented investigation of Plaintiffs claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the deceased insured. DEFENDANT INSURANCE COMPANY's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(7).

27. DEFENDANT INSURANCE COMPANY failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claims. DEFENDANT INSURANCE COMPANY's conduct constitutes violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.055.

28. DEFENDANT INSURANCE COMPANY failed to accept or deny Plaintiff's full and entire claims

within fifteen (15) business days of receiving all required information. DEFENDANT INSURANCE COMPANY's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE § 542.056.

29. DEFENDANT INSURANCE COMPANY failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, DEFENDANT INSURANCE COMPANY has delayed full payment of Plaintiffs claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. DEFENDANT INSURANCE COMPANY's conduct constitutes a violation of the *Texas Prompt Payment* of *Claims Act*. TEX. INS. CODE § 542.055.

30. From and after the time Plaintiffs claims were presented to DEFENDANT INSURANCE COMPANY, the liability of DEFENDANT INSURANCE COMPANY to pay the full claims in accordance with the terms of the policy was reasonably clear. However, DEFENDANT INSURANCE COMPANY has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Furthermore, being fully aware that Plaintiff had a valid claim for policy benefits, DEFENDANT INSURANCE COMPANY canceled the policy in question.  DEFENDANT INSURANCE COMPANY's conduct equates to breaches of the common law duty of good faith and fair dealing.

31. As a result of DEFENDANT INSURANCE COMPANY's acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.  Plaintiff's attorney took this case on a contingency fee of forty-five percent.  As a matter of law, Plaintiff is entitled to have DEFENDANT INSURANCE COMPANY pay for her attorney fees in such contingent manner.

32. Plaintiffs experience is not an isolated case. The acts and omissions DEFENDANT INSURANCE COMPANY committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of DEFENDANT INSURANCE COMPANY with regard to

handling these types of claims. DEFENDANT INSURANCE COMPANY's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## VI.

### Causes of Action:

33. Plaintiff incorporates the above Paragraphs by reference.

### COUNT 1: AGAINST DEFENDANT INSURANCE COMPANY

#### Breach of Contract

34. DEFENDANT INSURANCE COMPANY'S conduct, as described above, constitutes a breach of the insurance contract made between DEFENDANT INSURANCE COMPANY and Plaintiff.

35. DEFENDANT INSURANCE COMPANY'S failure and refusal, as described above, to pay the adequate compensation as is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Furthermore, Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees for such violations of the Texas Insurance Code

36. DEFENDANT INSURANCE COMPANY'S conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* TEX. INS. CODE, Chapter 541.  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

37. DEFENDANT INSURANCE COMPANY and DEFENDANT WOODRUFF'S unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

38. DEFENDANT INSURANCE COMPANY'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though DEFENDANT INSURANCE COMPANY'S liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

39. DEFENDANT INSURANCE COMPANY'S unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

40. DEFENDANT INSURANCE COMPANY'S unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights to Plaintiff constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

41. DEFENDANT INSURANCE COMPANY'S unfair settlement practice, as described above, of refusing to pay Plaintiffs claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060, and § 541.061. Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"

42. DEFENDANT INSURANCE COMPANY'S conduct constitutes multiple violations of the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE, Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

43. DEFENDANT INSURANCE COMPANY'S failure, as described above, to acknowledge receipt of Plaintiffs claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE § 542.055-542.060.

44. DEFENDANT INSURANCE COMPANY'S delay of payment of Plaintiffs claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claims. TEX. INS. CODE § 542.055-542.060.

## COUNT 2: AGAINST DEFENDANT INSURANCE COMPANY
### Breach of the Duty of Good Faith and Fair Dealing

45. DEFENDANT INSURANCE COMPANY'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts.

46. DEFENDANT INSURANCE COMPANY'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time DEFENDANTAG knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, as well as DEFENDANT INSURANCE COMPANY having canceled Plaintiffs policy, constitutes a breach of the duty of good faith and fair dealing.

## COUNT 3: AGAINST ALL DEFENDANTS
### Deceptive Trade Practices & Unconscionable Conduct – Knowledge and Intent

47. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described therein by Texas Deceptive Trade Practices Act.

48. Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

49. At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants. Defendants have violated the Texas Deceptive Trade Practices Act in one or more of the following manners:

      a. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

      b. Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

      c. Advertising goods or services with intent not to sell them as advertised;

      d. Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

      e. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

      f. Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

      g. Failing to disclose information concerning goods or services which was known at the

time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and/or

h. Engaging in an unconscionable course of conduct.

## COUNT 4: AGAINST DEFENDANT INSURANCE COMPANY
### Violations of Texas Prompt Payment of Claims Act

50. DEFENDANT INSURANCE COMPANY'S conduct, as described above, constitutes multiple violations of *Texas Prompt Payment of Claims Act.*

51. As described above, Plaintiff has a claim under an insurance policy, the insurer is liable for the claim and the insurer has failed to comply with the requirement of *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.051-542.061.

52. As described above, DEFENDANT INSURANCE COMPANY failed to perform one or more of the following duties not later than the 15th day (30th day if Defendant is a surplus lines insurer) after receipt of notice of at the claim:[1]

      a. Acknowledge the claim. DEFENDANT INSURANCE COMPANY failed to acknowledge receipt of the claim, including separate claims arising from the same incident. TEX. INS. CODE § 542.055(a)(1). See *Dunn v. Southern Farm Bur. Cas. Ins. Co.,* 991 S.W.2d 467, 472 (Tex. App.-Tyler 1999, pet. denied);

      b. Record the acknowledgement. DEFENDANT INSURANCE COMPANY failed to make a record of the date, means, and content of the acknowledgement. TEX. INS.

---

[1] TEX. INS. CODE § 542.055(a)

CODE § 542.055(c);

    c. Commence the investigation.  DEFENDANT INSURANCE COMPANY failed to make commence a reasonable investigation of the claim.  TEX. INS. CODE § 542.055(a)(2); and/or

    d.  Request information from the claimant.  DEFENDANT INSURANCE COMPANY failed to request from the Plaintiff all items, statements and forms reasonably needed from Plaintiff.  TEX. INS. CODE § 542.055(a)(3).

53. As described above, DEFENDANT INSURANCE COMPANY failed to perform one or more of the following duties after DEFENDANT INSURANCE COMPANY received all items, statements, and forms reasonable required by the Plaintiff:

    a. Accept of reject the claim.  DEFENDANT INSURANCE COMPANY failed to notify Plaintiff by the 15th "business day" that DEFENDANT INSURANCE COMPANY either accepts or rejects the claim.[23]  TEX. INS. CODE § 542.056(d);

    b.  State reasons for any rejection.  DEFENDANT INSURANCE COMPANY failed to notify Plaintiff of any reasons for denying such claim.  TEX. INS. CODE § 542.056(c);

    c. Ask for more time and tell why it is needed.  DEFENDANT INSURANCE COMPANY failed to notify Plaintiff it needed more time and the reasons for seeking more time.  TEX. INS. CODE § 542.056(d);

---

[2] Defendant has not indicated it suspects arson thus allowing 30 days. TEX. INS. CODE § 542.056(b)
[3] Defendant has not sought a 45 day extension.  TEX. INS. CODE § 542.056(d)

d. Pay the claim after accepting. DEFENDANT INSURANCE COMPANY failed to pay the claim within five "business days" or twenty days if DEFENDANT INSURANCE COMPANY is a surplus lines insurer. TEX. INS. CODE § 542.057(a),(c);

e. Pay the claim after the claimant performs any condition. If DEFENDANT INSURANCE COMPANY sought a condition on Plaintiff, it did not pay such claim within five "business days" or twenty days if DEFENDANT INSURANCE COMPANY is a surplus lines insurer after such condition was satisfied. TEX. INS. CODE § 542.057(b); and/or

f. Pay the claim within 60 days after receipt of information. DEFENDANT INSURANCE COMPANY failed to pay the claim within 60 days after receiving the items requested from Plaintiff. TEX. INS. CODE § 542.058(a).

## COUNT 5: AGAINST DEFENDANT INSURANCE COMPANY

### Unfair Insurance Practices

54. DEFENDANT INSURANCE COMPANY's conduct, as described above, constitutes multiple violations of Unfair Insurance Practices.

55. DEFENDANT INSURANCE COMPANY engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[4]:

a. misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    b.  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim:

i.  with respect to which the DEFENDANT INSURANCE COMPANY's liability has become reasonably clear; or

ii.  a claim under one portion of the policy of the claim with respect to which the DEFENDANT INSURANCE COMPANY's liability has become reasonably clear in order to influence Plaintiff to settle an additional claim under another portion of the coverage, unless payment under one portion of the coverage constitutes evidence of liability under another portion of the policy;

    c. failing to provide promptly to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for DEFENDANT INSURANCE COMPANY's denial of the claim or for the offer of a compromise settlement of the claim;

    d.  failing within a reasonable time to:

i.    affirm or deny coverage of a claim to Plaintiff;

iii. submit a reservation of rights to a Plaintiff;

    e. refusing, failing, or unreasonably delaying an offer of settlement under first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

---

[4] TEX. INS. CODE § 541.060

f. undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and/or

g. requiring Plaintiff, as a condition of settling a claim, to produce Plaintiff's federal income tax returns for examination or investigation.

56. DEFENDANT INSURANCE COMPANY engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[5]:

a. misrepresentations and false advertising of policy contracts;

b. false information and advertising generally;

c. defamation of insurers or persons engaged in the business of insurance;

d. boycott, coercion, and intimidation in the business of insurance;

e. false financial statements;

f. stock operations and advisory board contracts;

g. unfair discrimination;

h. rebates;

i. deceptive names, words, symbols, devises, and slogans; and/or

j. misrepresentation of the insurance policies;

---

[5] TEX. INS. CODE § 541.151

57. DEFENDANT INSURANCE COMPANY engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[6]:

    a. making an untrue statement of material fact;

    b. failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

    c. making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

    d. making a material misstatement of law; and/or

    e. failing to disclose a matter required by law to be disclosed, including failing to make disclosure in accordance with an other provision of the insurance code.

## COUNT 6: AGAINST ALL DEFENDANTS:

### Fraud

58. In the alternative or in addition to other counts, defendants committed fraud.  Defendants made a representation to the plaintiff. The representation was material. The representation was false. When the defendants made the representation, the defendants knew the representation was false, or made the representation recklessly, as a positive assertion, and without knowledge of its truth. The defendants made the representation with the intent that the plaintiff act on it. The plaintiff relied on the representation and the representation caused the plaintiff injury.

## COUNT 7: AGAINST DEFENDANT WOODRUFF:

### Tortious Interference with a Contract, Tortious Interference with Inheritance, and Fraudulent Misrepresentation

---

[6] TEX. INS. CODE § 541.061

59. ANTHONY WOODRUFF impersonated Michael Fisher in an effort to cancel his life insurance.

60. DAVID FISHER had a reasonable expectation of receiving a gift or benefit of an inheritance from his brother, MICHAEL FISHER. However, ANTHONY WOODRUFF interferes when he cancels the underlying insurance policy.[7]

61. As a result of this tortious conduct, DAVID FISHER suffers money damages.

62. By impersonating Michael Fisher, ANTHONY WOODRUFF tortuously interfered with the insurance contract shared between Michael Fisher and DEFENDANT INSURANCE COMPANY to which DAVID FISHER was a beneficiary.

63. By ANTHONY WOODRUFF'S fraudulent misrepresentation, namely that he was MICHAEL FISHER, DAVID FISHER suffered damages.

*Exemplary Damages*

64. DAVID FISHER'S injury results from ANTHONY WOODRUFF'S malice, which entitles him to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## VIII.

### AFFIRMATIVE DEFENSES

65. ***Waiver.*** DEFENDANT INSURANCE COMPANY is not entitled to subrogation due to waiver. Specifically, DEFENDANT INSURANCE COMPANY made an unconditional denial of liability thereby waiving its right to subrogation. Furthermore, Defendants knew of the deceased insured's medical history, prefilled his application for insurance benefits, and waived its right to rely on any misstatements on the deceased insured's application for life insurance.

66. ***Contra Proferuntum.*** DEFENDANT INSURANCE COMPANY's contract is unilateral and in the event of ambiguity must be held against the drafter.

---

[7] *See King v. Acker*, 725 S.W.2d 750 (*Tex. App.-Houston [1ˢᵗ Dist.] 1987, no writ*)

67. *Lack of Materiality and No Intent to Deceive.* Had the true facts been known to the *prudent* underwriter it would not have affected the underwriters decision to issue the policy or the underwriter would not have increased the amount of premium charged.  Furthermore, as DEFENDANT INSURANCE COMPANY's insurance agent is a family friend, filled out the insurance application, and is familiar with the deceased insured's medical history, Plaintiff had no intent to deceive Defendants.

## VIII.

### JURY DEMAND

68. Plaintiff respectfully demands a trial by jury and will remit such fee.

## IX.

### PLAINTIFF MAKES 194 REQUESTS TO ALL DEFENDANTS

69. Pursuant to Rule 194, Defendants are requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2.


Respectfully Submitted,


DICK LAW FIRM, PLLC

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
**DICK LAW FIRM, PLLC**
3701 Brookwoods
Houston, Texas 77092
(832) 207-2007 Office
(713) 893-6931 Facsimile
www.dicklawfirm.com
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

## EXHIBIT "A"
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

## I.
## DEFINITIONS:

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

4. The Claim" means the insurance claim made the basis of the breach of contract claim made against Defendant in this lawsuit.

5. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

6. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

7. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

8. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## II.
## INSTRUCTIONS:

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Requests for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

## III.
## INTERROGATORIES

1. Please identify any person you expect to call to testify at the time of trial.

ANSWER:

2. Identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from the claim subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

ANSWER:

3. If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

ANSWER:

4. Identify by date, author, and result the medical reports and other reports generated as a result of your investigation.

ANSWER:

5. State the following concerning notice of claim and timing of payment:
a. The date and manner in which you received notice of the claim
b. The date and manner in which you acknowledged receipt of the claim
c. The date and manner in which you commenced investigation of the claim
d. The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant
e. The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

ANSWER:

6. Identify by date, amount and reason, the insurance payments made by you to the Plaintiff.

ANSWER:

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for denying the claim.

ANSWER:

8. Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with handling life insurance claims arising out of the claim subject of this suit.

ANSWER:

9. When was the date you anticipated litigation?

ANSWER:

10. Within the last two years, what documents (including those maintained electronically) relating to the investigation or handling of a claim for insurance benefits in Texas are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; z-records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

ANSWER:

11. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

ANSWER:

12. Do you contend that any act or omission by the Plaintiffs voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual bases for this contention.

ANSWER:

13. Do you contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual bases for this contention.

ANSWER:

14. How is the performance of the adjusters involved in handling Plaintiff's claim evaluated? State the following:
a. what performance measures are used
b. describe your bonus or incentive plan for adjusters

ANSWER:

## EXHIBIT "B"
## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

## I.
## DEFINITIONS:

1. 1. ""You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

4. The Claim" means the insurance claim made the basis of the breach of contract claim made against Defendant in this lawsuit.

5. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

6. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

7. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

8. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## II.
## INSTRUCTIONS:

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Requests for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

**PRODUCTION PROTOCOL RELATING TO**
**ELECTRONICALLY STORED INFORMATION**
**(ESI ATTENDANT TO DISCOVERY REQUESTS TO DEFENDANT)**

1. "Information items" as used herein encompasses individual documents and records (including associated metadata) whether on paper or film, as discrete "files" stored electronically, optically, or magnetically or as a record within a database, archive, or container file. The term should be read broadly to include e-mails, messaging, word processed documents, digital presentations, and spreadsheets.

2. Consistent with Texas Rule of Civil Procedure 196.4, responsive electronically stored information (ESI) has been requested by Plaintiff in its native form; that is, in the form in which the information was customarily created, used, and stored by the native application employed by the producing party in the ordinary course of business. The producing party shall not produce in a format not requested and later assert that production as a basis of not producing in the requested format, except upon agreement by the parties prior to production or ordered by the Court. The parties are reminded of their obligation to confer and to make reasonable efforts to resolve disputes regarding production without court intervention. *See In re Weekly Homes, L.P.,* 295 S.W.3d 309 (Tex.2009); TEX. R. CIV. P. 192.4(b).

3. If it is infeasible or unduly burdensome to produce an item of responsive ESI in its native form, it may be produced in an agreed-upon near-native form; that is, in a form in which the item can be imported into the native application without a material loss of content, structure, or functionality as compared to the native form. Static image production formats serve as near-alternatives only for information items that are natively static images (i.e., photographs and scans). Any and all agreements between the parties on a non-native form of production shall occur prior to initial production and the agreements shall be in writing. If no agreement can be made between the parties, consistent with Texas Rule of Civil Procedure 196.4, Defendant(s) will object and file with the Court evidence that production in native or near-native form is unduly burdensome or requires extraordinary steps. In the event the Court determines that production in native or near-native format is infeasible, production shall be made in accordance with the instruction of this Protocol.

4. The table below supplies examples or agreed-upon native or near-native forms in which specific types of ESI should be produced:

| Source ESI | Native or Near Native Form or Forms Sought |
| --- | --- |
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel Spreadsheets | .XLS, .XLSX |
| Microsoft PowerPoint Presentations | .PPT, .PPTX |
| Microsoft Access Databases | .MDB, .ACCDB |
| WordPerfect Documents | .WPD |
| Adobe Acrobat Documents | .PDF |

| Photographs | .JPG, .PDF |
|---|---|
| E-mail | Messages should be produced in a form or forms that readily support import into standard e-mail client programs; that is, the form of production should adhere to the conventions set out in RFC 5322 (the internet e-mail standard). For Microsoft Exchange or Outlook messaging, .PST format will suffice. Single message production formats like .MSG or .EML may be furnished, if source foldering data is preserved and produced. For Lotus Notes mail, furnish .NSF files or convert to .PST. If your workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with parent/child relationships to the message and container(s) preserved and produced in a delimited text file. |

5. Absent the showing of need, a party shall only produce reports from databases that can be generated in the ordinary course of business (i.e., without specialized programming skills), and these shall be produced in a delimited electronic format preserving field and record structures and names. The parties will meet and confer prior to initial production regarding programming database productions as necessary.

6. Information items that are paper documents or that require redaction shall be produced in static image formats, e.g., single-page .TIF or multipage .PDF images. If an information item contains color, the producing party shall not produce the item in a form that does not display color. The full content of each document will be extracted by optical character recognition (OCR) or other suitable method to a searchable text file produced with the corresponding page image(s) or embedded within the image file.

7. Parties shall take reasonable steps to ensure that text extraction methods produce usable, accurate, and complete searchable text.

8. Individual information items requiring redaction shall (as feasible) be redacted natively or produced in .PDF format and redacted using the Adobe Acrobat redaction feature. Redactions shall not be accomplished in a manner that serves to downgrade the ability to electronically search the unredacted portions of the item. To the extent a producing party asserts that production in .PDF format and redaction using the Adobe Acrobat redaction feature is unfeasible, the parties are directed to confer in an attempt to resolve any dispute without Court intervention. If the dispute cannot be resolved between the parties, the manner of production can be brought before the Court consistent with TEX. R. CIV. P. 196.4.

9. Upon a showing of need, a producing party shall make a reasonable effort to locate and produce the native counterpart(s) of any .PDF or .TIF document produced. The parties agree to meet and confer prior to initial production regarding production of any such documents. This provision shall not serve to require a producing party to reveal redacted content.

10. Except as set out in this Protocol, a party need not produce identical information items in more than one form and shall globally de-duplicate identical items across custodians using each document's unique MD5 hash value. The content, metadata, and utility of an information item shall all be considered in determining whether information items are identical, and items reflecting different information shall not be deemed identical.

11. Production should be made using appropriate electronic media of the producing party's choosing provided that the production media chosen not impose undue burden or expense upon a recipient. All productions should be encrypted for transmission to the receiving party. The producing party shall, contemporaneously with production, supply decryption credentials and passwords to the receiving party for all items produced in an encrypted or password-protected form.

12. Each information item produced shall be identified by naming the item to correspond to a Bates identifier according to the following protocol:

   - The first four (4) characters of the filename will reflect a unique alphanumeric designation identifying the party making the production

   - The next nine (9) characters will be a unique, consecutive numeric value assigned to the time by the producing party. This value shall be padded with leading zeros as needed to preserve its length

   - The final five (5) characters are reserved to a sequence beginning with an underscore(_) followed by a four digit number reflecting pagination of the item when printed to a paper or converted to an image format for use in proceedings or when attached as exhibits to pleadings.

   - By way of example, a Microsoft Word document produced by Joe Johnson in its native form might be named: JJSN000000123.docx. Were the document printed out for use in deposition, page six of the printed item must be embossed with the unique identifier JJSN000000123_0006.

13. Information items designated Confidential may, at the Producing Party's option:

   - Be separately produced on electronic production media prominently labeled confidential to comply with a Protective Order, if applicable.

   - When any item so designated is converted to a printed format for any reason or

imaged format for use in any submission or proceeding, the printout or page image shall bear be labeled confidential on each page in a clear and conspicuous manner, but not so as to obscure content.

14. Producing party shall furnish a delimited load file supplying the metadata field values listed below for each information item produced (to the extent the values exist and as applicable)

**FIELD**

BeginBates

EndBates

BeginAttach

EndAttach

Custodian/Source

Source File Name

Source File Path

From/Author

To

CC

BCC

Date Sent

Time Sent

Subject/Title

Last Modified Date

Last Modified Time

Document Type

Redacted Flag (yes/no)

Hidden Content/Embedded Objects Flag (yes/no)

Confidential flag (yes/no)

MD5Hash value

Hash De-Duplicated Instances (by full path)

15. Each production should include a cross-reference load file that correlates the various files, images, metadata field values and searchable text produced.

16. Parties shall respond to each request for production by listing the Bates numbers/ranges or responsive documents produced, and where an information item responsive to these discovery requests has been withheld or redacted on a claim that it is privileged, the producing party shall furnish a privilege log in accordance with Texas Rule of Civil Procedure 193.3.

**III.**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

1. The claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file.

RESPONSE:

2. If you seek to recover attorney's fees in this lawsuit, please produce your attorney fee agreement, your attorney fee statements and invoices, any time-keeping records kept by you or your attorney, and your checks for payment of attorney's fees or expenses.

RESPONSE:

3. The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

RESPONSE:

4. A certified copy of the insurance policy pertaining to the claims involved in this suit.

RESPONSE:

5. For the last two years, your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of claims in Texas.

RESPONSE:

6. The adjusting reports, medical records, and obituary reports prepared concerning Plaintiff's underlying claim

RESPONSE:

7. The emails, instant messages, and internal correspondence pertaining to Plaintiff's underlying claim.

RESPONSE:

8. The applicable file from the office of the insurance agent who sold the policy in question.

RESPONSE:

9. The documents reflecting reserves applied to the subject claim.

RESPONSE:

10. For the past three years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

RESPONSE:

11. For the last three years, the managerial bonus or incentive plan for managers responsible for claims.

RESPONSE:

12. The Complaint Log required to be kept by you for complaints in Texas filed over the past three years.

RESPONSE:

13. As relating to this underlying lawsuit, produce the responses, including all documents you have received, to all requests you have made for Deposition by Written Questions.

RESPONSE:

14. If you are requesting Plaintiff pay for your costs and/or expenses incurred as a result of this litigation, produce all invoices, statements, payment vouchers, payment records, checks, and proof of payment of all costs and/or expenses that you are claiming Plaintiff should be responsible for.

RESPONSE:

15. Produce the following documents and tangible things that relate to the Policy, insurance claims, death or the insured, or reports made the subject matter of this lawsuit:

      A.     All communications between you and any third-party;

B.  All communications (including but not limited to e-mail, correspondence and facsimiles) between you and the insurance agent of the policy subject to this lawsuit;

C.  All documentation (including diaries, notebooks, and memos) of conversations from the Defendant, its agents, adjusters, independent adjusters, investigators, doctors, or attorneys;

D.  All photographs, electronic recordings, or videotape recordings of the Defendant, its adjusters, independent adjusters, investigators, doctors, or attorneys;

E.  All written statements of the Defendant, its adjusters, independent adjusters, investigators, doctors or attorneys;

F.  All written agreements between you and any consultant, doctor, medical professional, adjuster, investigator, insurance agency or carrier;

G.  All communications between you and any insurance agent, consultant, doctor, medical professional, adjuster, investigator, insurance agency or carrier;

H.  All reports provided to you by any insurance agent, consultant, doctor, medical professional, adjuster, investigator, insurance agency or carrier;

I.  All estimates, bids, invoices, billing statements, and payment records (including canceled checks) for goods or services provided to you by any insurance agent, consultant, doctor, medical professional, adjuster, investigator, insurance agency or carrier;

J.  All documents which you contend you provided to Plaintiff or its agents during the insurance claim process.

RESPONSE:

16. As relating to this underlying lawsuit, produce the responses, including all documents you have received, to all requests you have made for Deposition by Written Questions.

RESPONSE:

17. If you are requesting Plaintiff pay for your costs and/or expenses incurred as a result of this litigation, produce all invoices, statements, payment vouchers, payment records, checks, and proof of payment of all costs and/or expenses that you are claiming Plaintiff should be responsible for.

RESPONSE:

18. As relating to this underlying lawsuit, produce the responses, including all documents you have received, to all subpoenas issued.

RESPONSE:

<u>**EXHIBIT "C"**</u>
<u>**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**</u>

**I.**
**DEFINITIONS:**

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against DEFENDANT in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of the claim subject of this suit.

5. "Other Structures" means any structures located at the Insured Location during the claim subject of this suit that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, tree and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against DEFENDANT in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim made against DEFENDANT in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## II.
## INSTRUCTIONS:

PLAINTIFF serves these requests for admissions on DEFENDANT, as allowed by Texas Rule of Civil Procedure 198.

## III.
## REQUESTS FOR ADMISSION

1.     PLAINTIFF received a copy of DEFENDANT's estimate of damage from the claim subject of this lawsuit less than two years and one day before the date this lawsuit was filed.

ANSWER:

2.     PLAINTIFF received DEFENDANT's payment of policy benefit for the claim subject of this lawsuit less than two years and one day before the date this lawsuit was filed.

ANSWER:

3.     PLAINTIFF has communicated with DEFENDANT regarding PLAINTIFF'S claim subject of this lawsuit claim for less than two years and one day before the date this lawsuit was filed.

ANSWER:

4.     PLAINTIFF has communicated with any adjuster hired by DEFENDANT regarding PLAINTIFF'S claim subject of this lawsuit claim for less than two years and one day before the date this lawsuit was filed.

ANSWER:

5.     PLAINTIFF contacted DEFENDANT regarding PLAINTIFF'S claim subject of this lawsuit claim for less than two years and one day before the date this lawsuit was filed.

ANSWER:

6.     PLAINTIFF contacted any adjuster hired by DEFENDANT regarding PLAINTIFF'S claim subject of this lawsuit claim for less than two years and one day before the date this lawsuit was filed.

ANSWER:

7.   DEFENDANT denied PLAINTIFF'S claim subject of this lawsuit less than two years and one day before the date this lawsuit was filed.

ANSWER:

8.   PLAINTIFF was a beneficiary for insurance issued by DEFENDANT for PLAINTIFF'S claim subject to this lawsuit.

ANSWER:

9.   DEFENDANT paid a portion of PLAINTIFF'S claim subject to this lawsuit.

ANSWER:

**EXHIBIT "D"**
**PLAINTIFF'S MOTION TO COMPEL MEDIATION PURSUANT TO**
**§ 541.161 OF THE TEXAS INSURANCE CODE AND**
**§ 17.5051 OF TEXAS BUSINESS AND COMMERCE CODE**
**AND BRIEF IN SUPPORT OF MOTION TO COMPEL MEDIATION**

This Motion to Compel Mediation is brought in accordance with § 541.161 of the Texas Insurance Code and § 17.5051 of Texas Business and Commerce Code by Plaintiff. In support, they show:

**I.**
**SUMMARY OF THE CASE**

1.      This is a lawsuit regarding damage to an insured property.

2.      Pursuant to Texas Insurance Code § 541.161 and § 17.5051 of Texas Business and Commerce Code, Plaintiff asks this court to compel a mediation in an attempts to timely resolve this dispute.

**II.**
**ISSUE PRESENTED**

3.      At the request of a party, not later than the 90th day after the date a pleading for relief under the Texas Insurance Code/Texas Business and Commerce Code has been served, the Court shall sign an order setting the time and place for a mediation to occur within 30 days after the date of such order.

**III.**
**MOTION TO COMPEL MEDIATION**

4.      To promote early resolution of consumer insurance complaints, Texas Insurance Code and Texas Business and Commerce Code allows a party to compel another party to mediation by seeking mediation within 90 days of filing a petition seeking relief. The mediation must occur within 30 days of a signed order. The court may under certain circumstances grant an additional 30 days in which the mediation can be completed. Such provision allows either the parties to agree on a mediator or the court to appoint one.

5.      Plaintiff believes that there is a reasonable expectation that the disputes in this case may be resolved by the use of the alternative dispute resolution procedure of mediation, and Plaintiff therefore requests the Court to refer this dispute for resolution by mediation.

6.      Plaintiff requests that the Court refer this matter to a mediator who is qualified for mediation as provided by the Federal Rules.  Plaintiff request that the costs of mediation be divided as directed per Tex. Ins. Code § 541.161 and Tex. Bus. & Com. Code § 17.5051, paid in advance directly to the mediator, and taxed as costs.

7.      Plaintiff prays that the Court grant this Motion for Mediation and render an order of referral to mediation pursuant to Texas Insurance Code § 541.161 and § 17.5051 of Texas Business and Commerce Code.

## IV.
## BRIEF IN SUPPORT OF MOTION TO COMPEL MEDIATION

8.      § 541.161(a)&(b) of the Texas Insurance Code and § 17.5051(a)&(b) of Texas Business and Commerce Code states:

> A party may, not later than the 90th day after the date a pleading for relief under this subchapter is served, file a motion to compel mediation of the dispute in the matter provided by this section. **The court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.**

9.      § 541.161(c)&(d) of the Texas Insurance Code and § 17.5051(c)&(d) of Texas Business and Commerce Code states:

> The court shall appoint a mediator if the parties do not agree on a mediator. The mediation must be held not later than the 30th day after the date the order is signed, unless:
>
> (1)  the parties agree otherwise;  or
>
> (2)  the court determines that additional time not to exceed 30 days is warranted.

10.     Plaintiff has filed a pleading for relief under § 541 of the Texas Insurance Code and/or § 17 of Texas Business and Commerce Code that was served on Plaintiff within 90 days from this motion; therefore, Plaintiff now asks this court to sign an order setting the time and place for mediation to be held not later than the 30th day after such order is signed.

## V.
## PRAYER

11.     For these reasons Plaintiff prays that this court sign an order setting the time and place for mediation to occur within 30 days from such order and further names a duly qualified mediator.

Respectfully submitted,

DICK LAW FIRM, PLLC

By:_____

Eric Dick, LL.M.
TBN: 24064316
FIN: 1082959
4325 Tulsa Road
Houston, Texas 77092
(832) 207-2007 Telephone
(713) 498-7969 Cellular
(713) 893-6931 Facsimile
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

**EXHIBIT "D-1"**
**TEXAS INSURANCE CODE § 541.161**

§ 541.161. MEDIATION. (a) A party may, not later than the 90th day after the date a pleading seeking relief under this subchapter is served, file a motion to compel mediation of the dispute in the manner provided by this section.

(b) The court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.

(c) The court shall appoint a mediator if the parties do not agree on a mediator.

(d) The mediation must be held not later than the 30th day after the date the order is signed, unless:

> (1) the parties agree otherwise;  or

> (2) the court determines that additional time not to exceed 30 days is warranted.

(e) Each party who has appeared in the action, except as agreed to by all parties who have appeared, shall:

> (1) participate in the mediation;  and

> (2) except as provided by Subsection (f), share the mediation fee.

(f) A party may not compel mediation under this section if the amount of actual damages claimed is less than $15,000 unless the party seeking to compel mediation agrees to pay the costs of the mediation.

(g) Except as provided by this section, the following apply to the appointment of a mediator and the mediation process provided by this section:

> (1) Section 154.023, Civil Practice and Remedies Code;  and

> (2) Subchapters C and D, Chapter 154, Civil Practice and Remedies Code.

Added by Acts 2003, 78th Leg., ch. 1274, § 2, eff. April 1, 2005

## EXHIBIT "D-2"
## TEXAS BUSINESS AND COMMERCE CODE § 17.5051

Sec. 17.5051. MEDIATION. (a) A party may, not later than the 90th day after the date of service of a pleading in which relief under this subchapter is sought, file a motion to compel mediation of the dispute in the manner provided by this section.

(b) The court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.

(c) If the parties do not agree on a mediator, the court shall appoint the mediator.

(d) Mediation shall be held within 30 days after the date the order is signed, unless the parties agree otherwise or the court determines that additional time, not to exceed an additional 30 days, is warranted.

(e) Except as agreed to by all parties who have appeared in the action, each party who has appeared shall participate in the mediation and, except as provided by Subsection (f), shall share the mediation fee.

(f) A party may not compel mediation under this section if the amount of economic damages claimed is less than $15,000, unless the party seeking to compel mediation agrees to pay the costs of the mediation.

(g) Except as provided in this section, Section 154.023, Civil Practice and Remedies Code, and Subchapters C and D, Chapter 154, Civil Practice and Remedies Code, apply to the appointment of a mediator and to the mediation process provided by this section.

(h) This section does not apply to an action brought by the attorney general under Section 17.47.

Added by Acts 1995, 74th Leg., ch. 414, Sec. 7, eff. Sept. 1, 1995.

## EXHIBIT "E"
## PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES

NOW COMES Plaintiff who files this, its Designation of Expert Witnesses, and designates the following expert witnesses, one or more of whom may testify at trial:

## I.

Plaintiff may call the following experts who are is retained:

1. Eric Dick, LL.M.
   Rogelio Garcia (of Counsel)
   Chris Carmona (of Counsel)
   Dick Law Firm, PLLC
   3701 Brookwoods Dr.
   Houston, Texas 77092
   (832) 207-2007
   (713) 893-6931 Fax

The above attorneys may be called by plaintiff to testify as an expert witness at the trial of this action, pursuant to Rule 702, Tex. R. Evid., on topics of reasonable and necessary attorney's fees incurred or recoverable by any party to this lawsuit. Such expert is familiar with the average and reasonable attorney fees usually and customarily charged by attorneys in various Texas Counties for the handling of similar claims. The expert identified are aware of the various necessary efforts expended in prosecuting this suit on behalf of plaintiff, and the reasonable charges therefore, and are expected to testify that the attorney's fees incurred by plaintiff in its pursuit of this matter are reasonable and necessary, and that the attorney's fees incurred by defendant may not be reasonable or necessary.

Information regarding Eric Dick:

| | |
|---|---|
| College: | Thomas M. Cooley |
| Degree: | Juris Doctorate |
| Distinctions: | Cum Laude |
| College: | University of Alabama |
| Degree: | Masters of Laws and Letters |

Notable information: Interned for Michigan's Attorney General in the Tobacco and Special Litigation Division and worked on the Master Settlement Agreement which is the largest civil settlement in United States history. Named by Super Lawyers as a Rising Star.

Mr Dick's report and resume, if not attached, will be provided to Defendant and are incorporated by reference.

The mental impressions and opinions are that fees and costs associated with this litigation are reasonable, necessary and customary in this county and surrounding counties. A reasonable fee to be charged in this case is $450.00 per hour in consideration with several factors, including:

- The nature and complexity of the case;

- The nature of the services provided by counsel;
- The time required for trial;
- The amount of money involved;
- The client's interest that is at stake;
- The responsibility imposed on counsel;
- The skill and expertise involved; and
- Those matters enumerated in State Bar Rule 1.04(b) (1)-(8), which are:
  - The time and labor required, the novelty and difficulty of the questions presented and the skill required to perform the legal services properly;
  - The likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer;
  - The fee customarily charged in the locality for similar legal services;
  - The amount involved and the results obtained;
  - The time limitations imposed by the client or the circumstances;
  - The nature and length of the professional relationship with the client;
- The experience, reputation and ability of the lawyer or lawyers performing the service.

## II.

Plaintiff reserves the right to supplement this designation further within the time limitations imposed by the Court and/or by any alterations of same by subsequent Court order and/or by agreement of the parties and/or pursuant to the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## III.

Plaintiff reserves the right to withdraw the designation of any expert witness and to aver positively that such previously designated expert will not be called as an expert witness at trial and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

## IV.

Plaintiff reserves the right to elicit by cross-examination the opinion testimony of experts designated and called by other parties to this suit.

## V.

Plaintiff reserves the right to call undesignated expert witnesses for rebuttal or impeachment, whose identities and testimony cannot reasonably be foreseen until Defendants have named their experts or presented its evidence at trial.

## VI.

Plaintiff reserves the right to elicit any expert testimony and/or lay opinion testimony that would assist the jury in determining material issues of fact and that would not violate the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## VII.

Plaintiff hereby designates and may call to testify as adverse witnesses any and all witnesses designated by Defendants hereto and any and all expert witnesses designated by any party, whether or not such person or entity is still a party hereto at the time of trial.

## VIII.

Plaintiff reserves all additional rights he may have with regard to expert witnesses and testimony under the Texas Rules of Civil Procedure, the Texas Rules of Evidence, statutes, case law, any orders issued by this Court or leave granted therefrom.

Respectfully Submitted,

Eric Dick, LLM
TBN: 24064316
**DICK LAW FIRM, PLLC**
3701 Brookwoods Dr.
Houston, Texas 77092
(832) 207-2007 Telephone
(713) 893-6931 Facsimile
eric@dicklawfirm.com

# EXHIBIT "3"

CIVIL CASE INFORMATION SHEET

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/7/2017 4:56 PM
JAMIE SMITH
DISTRICT CLERK
E-200489

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED   DEREK THICKLEN VS ACCEPTANCE INDEMNITY INSURANCE COMPANY

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

**1. Contact information for person completing case information sheet:**

Name: ERIC B. DICK
DICK LAW FIRM, ATTORNEY

Email: dickdidit911@gmail.com

Address: 3701 BROOKWOODS DR.

City/State/Zip: HOUSTON, TX 77092

Signature:

Telephone: (832) 207-2007

Fax: (713) 893-6931

State Bar No: 24064316

**Names of parties in case:**

Plaintiff(s)/Petitioner(s): DEREK THICKLEN

Defendant(s)/Respondent(s): ACCEPTANCE INDEMNITY INSURANCE COMPANY

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
- ■ Attorney for Plaintiff/Petitioner
- ☐ Pro Se Plaintiff/Petitioner
- ☐ Title IV-D Agency
- ☐ Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

**Civil**

*Contract*

*Debt/Contract*
- ■ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

*Injury or Damage*
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation
*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:
- ☐ Motor Vehicle Accident
- ☐ Premises
*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:
- ☐ Other Injury or Damage:

*Real Property*
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

*Related to Criminal Matters*
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other:

**Family Law**

*Marriage Relationship*
- ☐ Annulment
- ☐ Declare Marriage Void
*Divorce*
- ☐ With Children
- ☐ No Children

*Other Family Law*
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

*Post-judgment Actions (non-Title IV-D)*
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other
*Title IV-D*
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

*Parent-Child Relationship*
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

**Probate & Mental Health**
*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings
- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

**3. Indicate procedure or remedy, if applicable (may select more than 1):**
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

**4. Indicate damages sought (do not select if it is a family law case):**
- ■ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

Rev 2/13

# EXHIBIT "4"

```
                      RECEIPT FOR: FEES                        E-FILING

Cause No: E-0200489        Date:  8/08/17        Receipt No:  390226
   Style:  DAVID FISHER
        vs PRIMERICA LIFE INSURANCE COMPANY ET AL

   Paid By: DICK, ERIC B                              P
   Amt Paid:      362.66 EFILE018689500-0   Bal Due:

    10.00     RECORDS MANAGEMENT        10.00    COURT RECORD PRESERVATIO
    10.00     RECORDS ARCHIVE FEE       82.00    COPIES
    50.00     COUNTY FILING FEE
    50.00     STATE FILING FEE
    10.00     LIBRARY FEE
    15.00     MEDIATION CENTER FEE
    15.00     STENO
     5.00     SECURITY FEE
    10.00     INDIGENT FEE
    42.00     JUDICIAL SUPPORT
     5.00     APPELLATE JUDICIAL SYSTE
    30.00     ELECTRONIC FILING FEE
```

JAMIE SMITH, CLERK DISTRICT COURTS
Jefferson County, Texas

By: _____

_____    ODBC              Deputy

# EXHIBIT "5"

C0200489---00003

# THE STATE OF TEXAS

### No. E-0200489

## DAVID FISHER
## VS. PRIMERICA LIFE INSURANCE COMPANY ET AL

## CITATION

### 172nd JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To:  **PRIMERICA LIFE INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**

by serving at:
**1999 BRYAN STREET**
**SUITE 900**
**DALLAS, TX    75201-3136**                                                     DEFENDANT:

NOTICE:

         You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 7th day of August, 2017.  It bears cause number E-0200489 and is styled:

                                                                                              Plaintiff:
         **DAVID FISHER**
VS.
         **PRIMERICA LIFE INSURANCE COMPANY ET AL**
                                                                                              Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

                 **DICK, ERIC B, Atty.**
                 **4325 TULSA RD**
                 **HOUSTON, TX    77092 0**

         The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) ALSO ATTACHED LETTER DESIGNATING ALL CASES EFILE.  accompanying this citation and made a part thereof.

         Issued under my hand and the seal of said court, at Beaumont, Texas, this the 9th day of August, 2017.

                                 JAMIE SMITH, DISTRICT CLERK
                                 JEFFERSON COUNTY, TEXAS

                 BY                                                    Deputy

         Valencia

## RETURN OF SERVICE

E-0200489            172nd JUDICIAL DISTRICT COURT

DAVID FISHER

PRIMERICA LIFE INSURANCE COMPANY ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

_____, Officer
_____, County, Texas
By: _____, Deputy

**ADDRESS FOR SERVICE:**
PRIMERICA LIFE INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT

DALLAS, TX 75201 3136

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

**Name**                    **Date/Time**                    **Place, Course and Distance from Courthouse**

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**
Serving Petition and Copy  $_____
Total                      $_____

_____, Officer
_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____
            (First, Middle, Last)

_____.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

# EXHIBIT "6"

C0200489---00004

CITATION

# THE STATE OF TEXAS

## No.  E-0200489

### DAVID FISHER
### VS.  PRIMERICA LIFE INSURANCE COMPANY ET AL

## CITATION

### 172nd JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To:   **WOODRUFF, ANTHONY**

by serving at:
**28095 ROBINSON ROAD**
**CONROE, TX    77385-7525**

**DEFENDANT:**

NOTICE:

     You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to: District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 7th day of August, 2017.  It bears cause number E-0200489 and is styled:

                                                                                 Plaintiff:

         **DAVID FISHER**
VS.
         **PRIMERICA LIFE INSURANCE COMPANY ET AL**

                                                                                Defendant:

     The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

             **DICK, ERIC B, Atty.**
             **4325 TULSA RD**
             **HOUSTON, TX    77092 0**

     The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) ALSO ATTACHED LETTER DESIGNATING ALL CASES EFILE.  accompanying this citation and made a part thereof.

     Issued under my hand and the seal of said court, at Beaumont, Texas, this the 9th day of August, 2017.

                                    JAMIE SMITH, DISTRICT CLERK
                                    JEFFERSON COUNTY, TEXAS

                          BY                                 Deputy

                          Valencia

### RETURN OF SERVICE

E-0200489                 172nd JUDICIAL DISTRICT COURT

DAVID FISHER

PRIMERICA LIFE INSURANCE COMPANY ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE**:
WOODRUFF, ANTHONY



CONROE, TX 77385 7525

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in
_____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy  $_____

Total                               $_____

_____, Officer

_____, County, Texas


By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature
is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be
signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is
_____(First, Middle, Last)_____

_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)